4 U.S. 300
 4 Dall. 300
 1 L.Ed. 842
 Deshler
v.
Beery.
 Supreme Court of Pennsylvania.
 March Term, 1804
 
 1
 THIS was an action of dower, by the widow of David Deshler, against the tenant of the premises, tried at Easton. Northampton county, the 27th of June 1804.
 
 
 2
 In point of fact, it appeared, that Lesher died, leaving a will, dated the 2d of November 1796, in which he bequeathed to his wife a legacy of 1000l., his household goods, and a house for lief; and appointed her executrix, and Neuhart and Schrudder executors. Before his death, he had sold and conveyed the premises to George Eddy, taking bonds and a mortgage for the purchase money; but Eddy's conveyance was not recorded. The executors instituted a suit, obtained judgment, and issued execution against Eddy; in consequence of which, the same property was levied upon, and advertised for sale. At the instance of the widow (the present plaintiff) Neuhart, one of the executors, became the purchaser, for the use of the estate; and the sheriff executed a deed to him, on the 9th of June 1801. And, with the knowledge, consent, and approbation, of the widow, he resold and conveyed the property, to Beery (the present defendant) on the 30th of July 1801. During these transactions, the widow never suggested a claim of dower; but there were several judgments against Deshler's estate, at the time of the sheriff's sale; and his debts, generally, far exceeded the assets for paying them.
 
 
 3
 The Plaintiff's counsel insisted, that there was no relinquishment of the right of dower, on the sale of Eddy; that the sheriff's sale, on the judgment against Eddy, for the price of his purchase, could not extinguish the right of dower; and that the present tenant, if he had not direct notice of the widow's claim, had notice by a legal and equitable presumption, as his title depended on deeds, that naturally led to the inquiry. 2 Bl. Com. 132. Co. Lit. 32, 3. 1 Fonbl. Eq. 22. 2 Fonbl. 147. 159. 9 Mod. 37. 2 Atk. 83. 3 Br. Ch. 264.
 
 
 4
 For the defendant, it was urged, that in Pennsylvania there is no claim of dower in lands sold by legal process, for the payment of debts; that dower is barred, even in the case of a mortgage for a debt, though the wife does not join in the deed. 2 Dall. Rep. 127.;(a) that the money recovered from Eddy has been applied to the payment of debts; that there is no difference, as to the claim of dower, between the case of a power by will, to sell for the payment of debts, and the case of the widow's consent to make such a sale; and that the widow's silence, on the subject of this claim, throughout the transaction, operates as a bar and estoppel, to her enforcing it, against a bona fide purchaser, for a valuable consideration, without notice. 1 P. Wms. 393. 1 Fonbl. Eq. 151. 18 Vin. Abr. 112. Finch. Rep. 103. Prec. Chan. 35. 1 Eq. Abr. 355, 356. Ca. 8. 10. 9 Mod. 37. 2 Vern. 370. 580. Cowp. 201.
 
 
 5
 YEATES, Justice.
 
 
 6
 Mrs. Deshler is entitled to recover her dower in the premises, unless the peculiar circumstances of the case operate as a bar. The circumstances relied upon to produce that effect, are these: she made Neuhart her agent to buy the land at the sheriff's sale; and she approved of the purchase, after it was made. She, also, knew and approved of the re-sale to the defendant, at a full price, and uncharged with dower; and, until the defendant had paid the price, she never set up the present
 
 
 
 (a)
 E. Tilghman, on the trial, reported Lacock's case, referred to in 2 Dall Rep. 127. to be a decision, 'that dower was barred, where the husband alone mortgaged land; and his executors, under a power in the will, with the consent of the mortgagee, sold the land, for the payment of debts'. claim. The motives of Mrs. Deshler, in observing this silence, cannot be positively ascertained; but she might think, that, if the land sold high, in consequence of appearing clear of every incumbrance, there would be the better prospect, that her legacy of 1000l. would be paid.
 
 
 
 7
 Upon the whole, the jury will decide, whether Mrs. Deshler's line of conduct held up to the public, and, particularly, to the parties, that she meant to waive the claim of dower. If it did, the verdict should be against her. If it did not, and the jury think, that she always meant to assert her right of dower; then the verdict must be in her favour.
 
 
 8
 Verdict for the defendant.